The opinion of the Court was delivered by
Wardlaw, J.
The general principles involved in this appeal were fully discussed in the case of Evans vs. Dendy, 2 Speer, 10; and the careful examination of cases there made by Judge Evans renders unnecessary another citation of them here. In a sale regularly conducted by him, a Commissioner in Equity no more incurs personal responsibility to the vendee than an Ordinary does. This consideration alone would defeat an action against the officer after he had paid away the money. But the case of Evans vs. Dendy was one by the vendee against the Ordinary, where the whole proceeds of sale were in the Ordinary’s hands, and the whole land had been recovered from the vendee by title paramount. It rests upon the ground that in the sale, and the deed, which was the best evidence of the contract, no warranty was expressed and none could be implied.
The material circumstance relied on to distinguish this case from that, is that here the vendee is defendant, an assignee of the public officer being plaintiff. It is urged that where the aid of the Court is claimed for execution of the contract, the defendant will be allowed to show equitable matters that ought to prevent the interference of the Court; and therefore in a suit upon the bond given for the purchase money, a total or partial failure of consideration, of which due notice has been given, *363 may constitute a good defence, although it might not have been the ground of a suit at law, brought against the obligee of the bond, or against the persons beneficially interested therein:
The present case does not require us to dwell upon the proposition, that a discount is only a cross-action; nor to inquire, how far a Court of law, where matters not urged by way of set-off or discount, but growing out of the contract sued on, and urged merely to defeat the plaintiff’s recovery in whole or in part, are under consideration, can depart from the established principles of law, and adopt the principles or practice of a Court of Equity. It is enough to advert to the conclusion drawn by Judge Evans, that all our cases, in which defences for failure of consideration have been allowed in actions brought for the purchase money of lands sold without warranty, “ were cases of misrepresentation — whether intentional or not seems to have been regarded as wholly immaterial.” The manuscript case of Turner Richardson, Com'nr. vs. Robert R. Pearson et al., Columbia, 2 Book, p. 691, to which reference has been made in the argument of this case, forms no exception: for the opinion of the Court there seems to have gone entirely on the ground of fraud. That to the extent he was deceived a defendant should be relieved from his contract, with or without warranty, is consistent with law; but where there was no misrepresentation, and a failure of consideration is set up against the obligation of a bond, the defendant must be held to show what the consideration was. When he shows that it was land sold — that he has accepted a title deed, and that that contains no warranty, a defect of title shown by him is consistent with the risk which he contracted to assume, and his complaint of failure is only an attempt to add by parol to the terms of a written contract about land.
It is said that proceedings in partition are usually by consent, that the result of them, where a sale is ordered, is only to make the officer, who sells, the agent of the parties who are to receive the money, and that it is unjust for those parties to collect the money when a purchaser does not get what he bought. What *364 did he buy? Whatever interest and estate the ancestor of the parties in partition had in the lands sold. That the defendant in this case got. John Rogers held the land subject to the contingency of Daniel A. Mitchell’s wife acquiring dower therein, if she survived her husband. The defendant bought subject to that contingency, and has lost by its happening. The case would have been the same, if he had taken from the parties in partition themselves, a deed of the same kind as that which he took from the commissioner, their agent. He may not have known of this contingent dower interest, but apart from all fraud or misrepresentation, he must be presumed to have known the meaning of the contract he entered in to — to have examined the title of the land he was buying, and to have adapted the price he gave to the risk he ran.
To the suggestion, that the proceedings in partition represent the land as the property of John Rogers, and therefore any defect of title is a misrepresentation, wilful or unintentional, the answer is, that the proceedings subject to partition whatever interest John Rogers had, and neither they, nor the written contract made with the defendant, making any mention of warranty or incumbrance, a Court of law cannot imply a warranty. If sales for partition are likely to be disadvantageously affected by this application to them of the ordinary principles of law, the evil in the Ordinary’s Court may be sometimes remedied by special warranties given by some or all of the parties, but in general can be cured only by legislative aid. In the Court of Equity, it is possible, that by special orders, directing the commissioners to warrant, or otherwise binding parties according to the power and discretion of that Court, risk might be transferred from a purchaser to the parties in partition, where it is desirable that it should be so: but no discretion belongs to this Court to relieve improvidence by changing the terms of a contract.
Sometimes, when all the parties and the whole fund are in Court, a Court of Equity has, upon the application of a purchaser of property sold by the commissioner for partition, given summary relief to the purchaser, because of defects which ap *365 peared after the sale : — what that Court would do where there has been partial distribution of the fund, we have not the means of knowing. It is manifest that this Court, if it should depart from its first principles to run after an imagined equity in such cases, would encounter the chance of sometimes doing irreparable injustice. It may be, that in the very case before us, the whole fund arising from the sale of John Rogers’s estate has been collected and distributed except one share ; that that share has been suffered to remain in the hands of purchasers because the distributee to whom it belonged was an infant; that during this delay the dower has accrued to Mrs. Mitchell; and that, if the defence now made should be allowed to prevail, the loss would either fall exclusively upon the infant, or the infant’s share be subjected to heavy expenses in the litigation that would be necessary to compel contribution from the other parties in partition. The Court thinks it safer to let the defendant abide by the contract which he made.
The motion is dismissed.
Frost, WitheRS, Wi-iitNer and Glover, JJ., concurred.

Motion dismissed.